(38 Misc. Rep. 178.)

PEOPLE ex rel. CONSOLIDATED GAS CO. OF NEW YORK v. FEITNER et al., Commissioners of Taxes and Assessments.

(Supreme Court, Special Term, New York County. June, 1902.)

1. TAXATION—CORPORATIONS—CAPITAL STOCK.

An assessment made on the capital stock of a corporation by the tax commissioners, wherein the determination of the value of the total gross assets was reached by estimating the sum on the earnings, based on the market value of the stock, including the fixed charges of interest on the bonds, and dividends paid on the stock, will be set aside where there was no evidence as to the earnings of the corporation or of such market value.

Certiorari by the people, on the relation of the Consolidated Gas Company of New York, against Thomas L. Feitner and others, as commissioners of taxes and assessments, to vacate an assessment. Assessment vacated.

David McClure, for Consolidated Gas Co.

George L. Rives, Corp. Counsel (David Rumsey, of counsel), for respondents.

FITZGERALD, J. This is an application to vacate an assessment for the reason, it is claimed, that the respondents erred in assessing the value of the capital stock of relator for the purposes of taxation for the year 1900. It was not disputed upon the argument that the tangible assets, as distinguished from the franchise, of the corporation, constitute the only subject of taxation. The method of determining what property of a corporation is subject to taxation is provided for by section 12 of the tax law (Laws 1896, c. 908). To speak in general terms, it is the duty of the commissioners to ascertain the value of all the assets of a corporation, nontaxable as well as taxable, and from the amount so found to make certain deductions, covering indebtedness, stocks of other corporations already taxed, real estate, and franchises. The amount remaining constitutes the sum upon which the tax should be computed. According to the verified statement furnished by relator, its total gross assets on the second Monday of January, 1900, were $43,469,067.95. The assessed value of the real estate, stock owned in other corporations paying a tax, and the indebtedness of the company, combined, according to the same statement, amounted to $51,177,688.21. The president of relator was subsequently examined by the commissioners, and explained that during the preceding year his company purchased stock of the New York Mutual Gas Light Company to the amount of $4,774,438, and the Astoria Light, Heat & Power Company's stock to the amount of $500,000, which were paid for in cash, and also the stock of the New

York Gas & Electric Light, Heat & Power Company, which later stock was taken over in exchange for $36,000,000 of the debentures of the relator corporation, exchangeable at pleasure of this company for its stock to the amount at par of $15,517,200. Respondents practically agree with relator as to the amount of debts, real estate, and stocks already paying taxes, and fix the value of the franchise at $13,950,000, but find the total gross assets to be $68,120,073.90; and the question to be determined is whether in this respect their action is supported by the facts disclosed. The return to the writ sets forth that:

"We [the commissioners] determine that the value of the total gross assets, estimating the sum upon the earnings of the company supported by the market rate of the share stock at $190, including the fixed charges of interest on their bonds and the dividends of 5½ per cent. on the stock, was $68,-120,073.90."

There was no evidence of the earnings of the company before them, nor was there any of the market rate of the stock; and, if that subject could be considered, it has been characterized "as a most deceptive and treacherous test," justifiable, if at all, only upon the ground of necessity, "because the better means or truer tests cannot be obtained." People v. Coleman, 126 N. Y. 448, 27 N. E. 818, 12 L. R. A. 762. Neither does the fact that dividends were declared, of which there was evidence before the commissioners, warrant deductions in support of their finding, as it has been held in People ex rel. Edison Electric Illuminating Co. v. Barker, 139 N. Y. 55, 34 N. E. 722, and in People ex rel. Edison General Electric Co. v. Barker, 141 N. Y. 251, 36 N. E. 196, that the fact that dividends are declared and paid forms no basis for an inference as to the value of the capital stock of the corporation. In the last-mentioned case the court said at page 255, 141 N. Y., page 197, 36 N. E.:

"If they were dissatisfied with his [the treasurer's] valuation of assets in gross, they could have required them to be given in detail, and so been enabled to judge of the fairness or unfairness of the valuation; but they were not justified in assuming that the treasurer, for the purpose of evading taxation, had falsely underestimated the assets, because of a recent dividend, the declaration of which did not necessarily involve the fact of an unimpaired capital."

Assessment vacated, with costs.